IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GRADY GIBBONS**   **PLAINTIFF**

v.   **CIVIL ACTION NO. 2:23-cv-9-TBM-RPM**

**BROOKSIDE PROPERTIES, INC.** *et al*   **DEFENDANTS**

## ORDER

This matter comes before the Court on the Motion for Damages and Injunctive Relief for violations of the Racketeering Influenced and Corruption Organization Act ("RICO") and False Claims Act [45] filed by Plaintiff Grady Gibbons on October 24, 2023. Because Gibbons has not alleged violations of RICO or the False Claims Act in his operative Complaint [23], he cannot receive damages for alleged violations of the same. Gibbons' Motion [45] is denied.

Since filing his original complaint [1] on January 17, 2023, Gibbons has twice amended that complaint.[1] Gibbons filed his operative Complaint [23] on July 26, 2023, asserting claims against Brookside Properties, Inc., Shannon Holliman, Raymond McRaney, Kelvin Yawn, the City of Hattiesburg Police Department, and Narcotic Enforcement Team. In that Complaint [23], Gibbons proceeded under federal question jurisdiction and "premises the Court's subject-matter jurisdiction on 42 U.S.C. 2000e 5(f) and 28 U.S.C. 1345." [37], p. 7; [23], p. 4-5. Gibbons also clarified that this action "is brought to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e." [24], p. 1. What Gibbons' Complaint [23] does not allege, however, are violations of RICO or the False Claims Act, pursuant to 18 U.S.C. Section 1962 and 31 U.S.C. Sections 3729-3733

---

[1] Gibbons filed his Amended Complaint [2] as a matter of course on January 19, 2023—two days after filing his original complaint. Gibbons then moved to amend his complaint [18] a second time on May 9, 2023, and was granted leave to do so on July 12, 2023. [22]. Gibbons then added the City of Hattiesburg Police Department and Narcotic Enforcement Team without adding any new federal claims against them. [23].

respectively. Indeed, alleged violations of those statutes were not mentioned once until the filing of this instant motion for damages and injunctive relief. [45], p. 1.

There are inadequate facts alleged for Gibbons to state a claim under RICO or the False Claims Act.[2] After all, to recover damages under RICO, a "claimant *must prove* (1) a violation of . . . 18 U.S.C. Section 1962, and (2) an injury to the plaintiff's 'business or property *by reason of a violation* of section 1962.'" *Alcorn Cnty. v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1167 (5th Cir. 1984), *abrogated on other grounds by United States v. Cooper*, 135 F.3d 960 (5th Cir. 1998) (emphasis added). Moreover, because claims under the False Claims Act allege fraud, they are subject to the heightened pleading requirements of Rule 9(b). *See U.S. ex rel. Whatley v. Eastwick Coll.*, 657 Fed. App'x. 89, 93 (3d Cir. 2016) (noting that "Under Fed. R. Civ. P. 9(b), plaintiffs must 'state with particularity the circumstances constituting fraud or mistake.'"). Not only has Gibbons not properly alleged violations under RICO or the False Claims Act in his operative Complaint—he has not mentioned them *at all*. Accordingly, Gibbons' Motion [45] for damages is denied.

IT IS THEREFORE ORDERED that Plaintiff Grady Gibbons' Motion for Damages and Injunctive Relief for violations of the Racketeering Influenced and Corruption Organization Act ("RICO") and False Claims Act [45] is DENIED.

SO ORDERED THIS, the 9th day of August, 2024.

                                              TAYLOR B. McNEEL
                                              UNITED STATES DISTRICT JUDGE

---

[2] Even if he had alleged False Claims Act violations in his Complaint, Gibbons would still not recover damages under the False Claims Act. *See Doe v. Yackulic*, No. 4:18-cv-84, 2019 WL 1301998, at *5 (E.D. Tex. Feb. 19, 2019) (collecting cases), *R. & R. adopted*, 2019 WL 1299364 (E.D. Tex. Mar. 21, 2019) (noting that a private person can bring a civil "qui tam" action on behalf of the United States for violations of the False Claims Act, 31 U.S.C. Section 3730, but in so doing, the private person may not proceed *pro se* and must have legal representation). Gibbons may also have statutory standing issues in maintaining a private RICO action because of insufficient injury allegations. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (quoting 18 U.S.C. § 1964(c)) (holding that under RICO, "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation").